FILED
2016 Jul-12 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRUCE COOPERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 2:14-CV-0779-SLB** |
| ) | |
| **ALEX ALARCON VEGA d/b/a Alex Produce,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on the parties' Joint Motion to Approve Settlement. (Doc. 35.) For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

[T]he FLSA's are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides

some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, specifically whether defendant paid plaintiff for all hours worked and whether it paid him time and half for all hours worked over forty in a given workweek.  Based on the parties' representations, the court finds that the terms of the parties' settlement, including the amount of attorneys' fees, is a fair and reasonable compromise of these bona fide disputes.

An Order granting the parties' Joint Motion to Approve Settlement, (doc. 35), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 12th day of July, 2016.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE